UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P172-M

**KIMBLE L. GABBARD**                                                                          **PETITIONER**

**v.**

**DAVIESS COUNTY DETENTION CENTER**                                  **RESPONDENT**

**MEMORANDUM OPINION**

The petitioner, Kimble L. Gabbard, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. By memorandum opinion and order entered January 19, 2006, the Court concluded that his challenge to his 2003 conviction should be dismissed as time barred and that his challenge to the revocation of his probation should be dismissed as unexhausted, but provided the petitioner with an opportunity to respond (DN 6). The Court warned the petitioner that his failure to respond within thirty days would result in dismissal of the action. The thirty day time period has expired, and the petitioner has failed to respond. Accordingly, for the reasons that follow petitioner's § 2254 petition will be dismissed.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

In reading the petition in conjunction with his initial letter,[1] it appears that in October of 2003, the petitioner pleaded guilty to terroristic threatening for which he received two years of probation. As part of his sentencing, the petitioner claims that he agreed to move to Indiana and not to enter the jurisdiction (namely, Daviess County) without court order. In April of 2004, the petitioner was granted visitation rights with his daughter, who lives in the Daviess County City of Owensboro. He claims Robert Kirtly, the local prosecutor, informed him that he

---

[1] The petitioner originally filed a letter in which he sought "immediate release." The Court construed his letter as an action seeking federal habeas relief and directed him to file his request in the proper form.

could be within the jurisdiction for the limited purpose of visiting his daughter (the visitation presumably occurred on the weekends) but was directed to leave the jurisdiction by 5 p.m. on the Sunday following the visit. On April 15, 2005, the state court revoked his probation because he had remained unlawfully in the jurisdiction,[2] and in October of 2005, it denied his motion for shock probation.

In the action before this Court, the petitioner asserts two separate challenges. In the first, he challenges his original conviction and sentencing, claiming that he was unconstitutionally banished from the community, that he did not voluntarily enter into the plea agreement, that the sentence was excessive, and that counsel was ineffective. As to his second challenge, he claims that his probation was wrongly revoked, as the witness who testified at the hearing gave perjured testimony. At no time has the petitioner ever appealed his conviction and sentence, or the decision to revoke his probation. Nor has he sought any postconviction relief relating thereto.

## II. ANALYSIS

There are two principal issues in this case, which prevent it from moving forward. To the extent that the petitioner challenges his 2003 conviction and sentence, his challenge appears to be time barred. As to the challenge of his probation revocation, the petitioner failed to exhaust his state court remedies prior to seeking federal habeas review. Because the legal analysis involving each is different, the Court will separately examine them.

---

[2]In the first document filed with the Court, the petitioner claimed that he had been drinking when his daughter arrived for visitation. He also stated that he became very sick during his stay in Owensboro. He claims that his illness caused him to remain in town through the next day at which time he met with his attorney and sought medical treatment. While in town, he claims his ex-wife served him with court papers, and the state court thereafter revoked his probation due to his presence in Owensboro (DN 1, Letter, p. 1).

**A.      The October 2003 Conviction: Timeliness**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's direct appeal of his conviction ended sometime in October of 2003, when the trial court sentenced him to two years of probation as he did not file a

direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the petitioner's conviction became final in November of 2003, 30 days after the trial court entered the judgment of conviction. Ky. R. Cr. P. ("RCr") 12.04 (1998). Thus, he had until November of 2004, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). The petitioner did not file any time-tolling collateral attacks of his state court conviction. His application here, which was filed on November 22, 2005, is therefore, time barred.

**B.     The April 2005 Revocation of Probation: Failure to Exhaust**

The petitioner next challenges the revocation of his probation. He failed, however, to make the first attempt to challenge the revocation as he filed no direct appeal or collateral attack regarding the revocation. A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."); *see also Hannah v. Conley,* 49 F.3d 1193 (6th Cir. 1995). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan* v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is premised on the principle of comity. "[T]he state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844. The Supreme Court further opined: "This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness]" of a federal district court's

overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation." *Id.* "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c) ; *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979) (holding that the exhaustion requirement applies to remedies still open to the habeas applicant at the time of the filing of the petition). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

In the present case, at no time has the petitioner presented any of his challenges as to the probation revocation to the courts of Kentucky for review. Further, he has not shown the inadequacy or unavailability of the state's remedies. Under Kentucky Rules of Criminal Procedure, it appears that he may seek further appellate review of the circuit court's decision to revoke his probation. RCr 12.02 (incorporating CR 76 in criminal actions, which provides "An appeal from the circuit court shall be perfected within 30 days after the date of the notation on the docket of the service of notification required by [the Rules]...."). Even were such an appeal deemed untimely, Kentucky courts have determined that the appellate court, which is to entertain the matter, may grant a right to a belated appeal. *Cleaver v. Commonwealth*, 569 S.W. 2d 166 (KY 1978) ("A right to a belated appeal, or to reinstate a lapsed appeal, can be granted only by the appellate court that is to entertain it."). Thus, the petitioner has available remedies to redress his claims.

### III. CERTIFICATE OF APPEALABILITY

In the event that the petitioner appeals this Court's decision, he is required to obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a COA and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484. In such a case, no appeal is warranted. *Id.* The court is satisfied that no jurists of

reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate order consistent with this memorandum opinion.

Date:

cc: Petitioner
 Jailer, Davies County Detention Center

4414.008